UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA C.,[1]<br><br>             Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL,[2]<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:18-cv-05576-MAA<br><br>**MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On June 22, 2018, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying her application for a period of disability and Disability Insurance Benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

# ADMINISTRATIVE BACKGROUND

On January 21, 2015, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, alleging disability beginning on June 13, 2014. (Administrative Record [AR] 13, 53.) Plaintiff alleged disability because of back pain from herniated discs, high blood pressure, depression, an irregular heartbeat, high cholesterol, incontinence, and hand tremors. (AR 53.) After her application was denied initially, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 13, 73-74.) At a hearing held on January 31, 2017, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 25-52.)

In a decision issued on June 22, 2017, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 13-20.) Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 13, 2014. (AR 15.) She had a severe impairment consisting of degenerative disc disease of the lumbar spine. (*Id.*) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 17.) She had a residual functional capacity to perform light work but with additional postural and environmental limitations. (*Id.*) Based on this residual functional capacity, Plaintiff could perform her past relevant work as a teacher aide II, both as actually performed and as generally performed in the national economy. (AR 20.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

On May 25, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

///

///

## DISPUTED ISSUES

The parties raise the following disputed issues:

1. Whether the ALJ erred in her evaluation of the medical evidence;

2. Whether the ALJ erred by failing to include all medically determinable impairments in the residual functional capacity analysis; and

3. Whether the ALJ properly considered Plaintiff's subjective complaints.

(ECF No. 25, Parties' Joint Stipulation ["Joint Stip."] at 3.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Three, based on the ALJ's

assessment of Plaintiff's subjective complaints. Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### A.     Plaintiff's Subjective Symptom Allegations (Issue Three).
####   1.     Legal Standard.

An ALJ must make two findings in assessing a claimant's pain or symptom allegations. Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Effective March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on June 22, 2017, it is governed by SSR 16-3P. *See id.* at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

### 2. Background.

During the hearing, Plaintiff testified as follows about her work history, medical conditions, treatment, and activities:

Plaintiff's past work included jobs as an in-home caretaker and a teacher's aide. (AR 30, 33.) She had worked as a teacher's aide for 35 years, but she stopped doing that job to work exclusively as a caretaker for her mother. (AR 33.) In 2014, she injured her back while trying to lift her mother. (AR 30; *see also* AR 400.) Plaintiff has not worked since the injury. (AR 31; *see also* AR 400.)

Two months before the hearing, Plaintiff purchased a cane at a CVS drugstore because she needed it. (AR 33.) She used the cane at the hearing. (*Id.*) She had received three epidural steroid injections for her back pain, but she declined further injections because she felt they provided only temporary pain relief. (AR 33-34.) Her most severe pain arises from her lower back. (AR 35.) But she also has a kidney disease that requires several bathroom trips and hand tremors that make it difficult to write. (AR 36, 37-38.)

On a typical day, Plaintiff cooks, does laundry, watches television, and lies down in bed. (AR 36-37.) She shops for groceries with the help of her daughter and does not drive. (AR 37.)

In addition to testifying at the hearing, Plaintiff submitted a written function report that was similar in content to her hearing testimony. (AR 158-66.) Plaintiff wrote that she cannot walk or stand for more than five minutes and that she shakes too much. (AR 158.) She also wrote that on a typical day, she eats breakfast, gets dressed, watches television, reads, goes out alone or with her daughter, prepares meals, and does some chores. (AR 159.)

The ALJ rejected Plaintiff's subjective symptom allegations pursuant to the Commissioner's two-step evaluation. (AR 18.) First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (*Id.*) Second, the ALJ found that Plaintiff's subjective statements were "not entirely consistent with he medical evidence and other evidence in the record." (*Id.*) As support, the ALJ made detailed findings that accounted for four types of reasons to reject Plaintiff's subjective symptom allegations: (1) Plaintiff's refusal of additional epidural steroid injections; (2) her treatment plan; (3) her use of a cane that was not prescribed; and (4) the objective medical findings. (AR 18-19.) The Court reviews below each reason in turn.

3.  **Analysis.**

As an initial matter, the Commissioner identifies two additional possible reasons that the ALJ relied upon to discount Plaintiff's subjective symptom allegations. (Joint Stip. at 28, 29.) According to the Commissioner, the ALJ also relied on evidence of Plaintiff's daily activities and the opinions of three physicians who had assessed Plaintiff's functional limitations. (*Id.*) The Court disagrees. Although the ALJ did make certain findings about Plaintiff's daily activities and the physicians' opinions, the ALJ never specifically tied those findings to Plaintiff's

6

subjective symptom allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) (declining to infer that an ALJ rejected a claimant's testimony because of findings about her treatment for headaches because, although the ALJ did make such findings, "he never stated that he rested his adverse credibility determination on those findings"). Thus, those findings are not reviewable here. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e are constrained to review the reasons the ALJ asserts."). Rather, the Court reviews only the other reasons identified above, which were specifically tied to Plaintiff's subjective symptom allegations, to determine whether the ALJ stated clear and convincing reasons supported by substantial evidence. (AR 18-19.)

      **a.**      **Plaintiff's refusal of additional epidural steroid injections.**

The ALJ found that Plaintiff's refusal of additional epidural steroid injections was inconsistent with her pain allegations: although some evidence showed Plaintiff received "good pain relief" (AR 560) from the injections, her "choice not to continue with epidural injections is not consistent with the significant limitations alleged by [Plaintiff]." (AR 18.)

A claimant's "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" is a factor that "can cast doubt on the sincerity of the claimant's pain testimony." *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also* SSR 16-3P, 2017 WL 5180304, at *9 ("[I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."). On the other hand, "[w]here a claimant provides evidence of a good reason for not taking medication for her symptoms, her symptom testimony cannot be rejected for not doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). For example, a claimant should not be disqualified for refusing treatment if the record shows a physician had stopped it or

it was ineffective. *See Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984) (finding an ALJ unjustified in discrediting a claimant's pain complaints for failure to take pain medication where the ALJ failed to note that a doctor recommended that medication be stopped).

Here, after Plaintiff received three epidural steroid injections, the physician who had administered them, Dr. Valdez, recommended a fourth injection (AR 583), which Plaintiff declined (AR 34, 262). But Plaintiff's refusal to follow Dr. Valdez's recommendation was not unexplained or inadequately explained, given her repeated explanations that the initial injections provided only a short period of relief. (AR 34, *see also* AR 257, 258, 280, 283, 289, 299, 382, 400, 431, 432.) The evidence of "good pain relief" cited by the ALJ (AR 560) did not contradict Plaintiff's explanations because that evidence was written on the same day as an injection, not after some time had passed. More significantly, the ALJ failed to note that another physician, Dr. Ahn, agreed with Plaintiff that the three injections already administered had "failed" and recommended back surgery instead. (AR 553-55.) Another physician, Dr. Sobol, similarly stated that Plaintiff "may" need back surgery. (AR 266.)

Because the ALJ failed to address Plaintiff's proffered explanation for why she stopped receiving epidural steroid injections, which was supported by Dr. Ahn's assessment that the injections had failed, evidence of Plaintiff's refusal to undergo further injections was not a convincing ground to discredit her testimony, despite Dr. Valdez's recommendation of another injection. *See Trevizo*, 871 F.3d at 679-80 (finding an ALJ unjustified in discrediting a claimant's subjective symptom testimony for failure to take prescribed narcotics and rash medication because the ALJ ignored the claimant's proffered explanations of fears of addiction and of the possibility the medication was causing the rash); *Nichols v. Califano*, 556 F.2d 931, 934 (9th Cir. 1977) (finding a claimant's refusal to submit to a third surgery justified where the previous two surgeries were unsuccessful, despite disagreements

among physicians about the probable success of a third surgery); *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (finding an ALJ unjustified in discrediting a claimant's testimony for discontinuing physical therapy where the claimant had explained that physical therapy was not effective). Thus, this was not a clear and convincing reason based on substantial evidence.

### b. Plaintiff's treatment plan.

The ALJ similarly found that Plaintiff had a treatment plan that "put her at a range of light work." (AR 19.) Specifically, the ALJ noted that Plaintiff's treatment plan "included an epidural injection, weight loss, Lidoderm patches, Tylenol 3, and home exercises [AR 583]." (AR 19.)

In assessing a claimant's subjective symptom allegations, an ALJ properly may consider a physician's "failure to prescribe, and [a claimant's] failure to request, any serious medical treatment for this supposedly excruciating pain." *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment.") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)); *Hanes v. Colvin*, 651 F. App'x 703, 705 (9th Cir. 2016) (finding an adverse credibility determination supported by substantial evidence of a "conservative treatment plan, which consisted primarily of minimal medication, limited injections, physical therapy, and gentle exercise.").

Here, it appears that the ALJ reasoned that because Plaintiff's treatment plan put her at a range of light work, the plan was inconsistent with the intensity of her allegations. (AR 19.) But this reason did not account for changes in Plaintiff's treatment plan over time. Plaintiff earlier tried other treatments that were unsuccessful, such as physical therapy (AR 221), acupuncture (AR 428), and trigger point injections (AR 597). More significantly, the ALJ failed to note, as

discussed above, Dr. Ahn's assessment that the current treatment plan had failed and that Plaintiff was a candidate for back surgery. (AR 553-55.) It is not clear that Dr. Ahn's recommendation of back surgery translates into an ability to perform light work, such that it undermines Plaintiff's pain complaints. *Cf. Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly discredited a claimant's allegation of back pain where, in part, no back surgery had been suggested). Thus, this was not a clear and convincing reason based on substantial evidence.

        c.     **Plaintiff's use of a cane that was not prescribed.**

The ALJ also found that Plaintiff's use of a cane, which she had purchased at the store, undermined her allegations because "[t]here is no prescription or recommendation from a doctor in the medical evidence of record." (AR 19.)

An ALJ may consider evidence that a claimant is using a cane that is not medically prescribed to find the claimant's allegations not credible. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (holding that an ALJ permissibly discounted the testimony of a claimant who "had walked slowly and used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk" and where "two doctors had specifically noted that [the claimant] did not need such a device"). Here, however, such a finding is unwarranted because the record does not support a reasonable inference that Plaintiff, like the claimant in *Verduzco*, was trying to mislead the ALJ by using a cane. Plaintiff testified that she purchased the cane from a drug store because she needed it (AR 33), and she never tried to mislead the ALJ into thinking that a physician had prescribed it. The ALJ's finding that the cane was not medically prescribed thus was not responsive to any subjective allegation that Plaintiff had made. *See Saunders v. Astrue*, 433 F. App'x 531, 534 (9th Cir. 2011) (holding that an ALJ improperly discredited a claimant's testimony for using a cane that was not prescribed where the claimant truthfully admitted that the cane helped him cope

with the pain and feel more comfortable). Thus, this was not a clear and convincing reason based on substantial evidence.

### d. The objective medical findings.

The ALJ also found that Plaintiff's subjective symptom allegations were not consistent with objective medical findings. (AR 18, 19.) As support, the ALJ cited several examples such as MRI results, clinical findings of a normal gait, physical examination results, and x-ray results. (*Id.*)

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)); *see also Burch*, 400 F.3d at 681. Here, however, this reason forms the sole possible basis for the ALJ's discounting of Plaintiff's testimony because, as discussed above, the other three reasons were legally insufficient. By itself, this reason based on objective medical findings cannot constitute substantial evidence to support the ALJ's rejection of Plaintiff's subjective symptom allegations. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (holding that where an ALJ's other reason to reject the claimant's testimony was legally insufficient, the sole remaining reason premised on the absence of objective medical support could not justify the credibility determination); *see also Bunnell*, 947 F.2d at 345 ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain"). Thus, this reason was insufficient to support the ALJ's assessment of Plaintiff's allegations.

### 4. Conclusion.

In sum, the assessment of Plaintiff's subjective symptoms allegations was not

11

supported by clear and convincing reasons based on substantial evidence in the record. Thus, reversal is warranted.

**B.    Remand for further administrative proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found an absence of clear and convincing reasons based on substantial evidence to discredit Plaintiff's subjective symptom allegations, the record on the whole is not fully developed, and essential factual issues remain outstanding. The discredited evidence raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is

not the Court's intent to limit the scope of the remand.

**ORDER**

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: August 19, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE